The CADLE COMPANY,
Plaintiff/Appellant,

v.

Jackson SINGLETON,
Defendant/Appellee.

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Oct. 28, 1992.

Rehearing Denied Dec. 12, 1992.

Permission to Appeal Denied by Supreme Court March 22, 1993.

Russell L. Leonard, Winchester, for plaintiff/appellant.

Howard G. Swafford, Swafford & Swafford, Jasper, for defendant/appellee.

### OPINION

CANTRELL, Judge.

This is an action on a promissory note. The appellant asserts that it is entitled to collect the balance of the note, because as an assignee of the Federal Deposit Insurance Corporation (FDIC), it has the legal status of a holder in due course. The lower court dismissed the cause with prejudice. We affirm.

This cause is before the court essentially without a transcript or a statement of the evidence. No verbatim recording of the proceedings was made in the lower court; however the appellant did attempt to compile a statement of the evidence consisting of a narrative "statement of the case" and an affidavit of the attorney who tried the case for the appellant. These documents were filed in the trial court on November 4, 1991, and the record was transmitted to this court thirty-five days later without being authenticated by the chancellor.

When the appellee objected to the statement of the evidence, this court entered an order reciting that the appellant had not certified copies of the statement to opposing counsel, and that the trial clerk had prematurely filed the record with this court. This court remanded the record to the trial court for proper completion in accordance with Rule 24(c), Tenn.R.App. Proc. On April 22, 1992, the clerk of this court received two volumes from the trial clerk. The first contained the original record, and the second contained an affidavit of appellant's counsel, dated March 13, 1992, stating that he had filed his "statement of the case" with the trial clerk on November 4, 1991, and had sent copies to opposing counsel. The affidavit incorporates by reference the original "statement of the case" which appears in the second volume of the record along with the trial attorney's affidavit. Neither the "statement of the case" nor the trial attorney's affidavit, however, bears any indication that they were filed with the trial clerk after the record was remanded and neither is authenticated by the trial judge.

If we assume that the "statement of the case" was filed on March 16, 1992, when the affidavit of appellant's counsel was filed, we might be justified in assuming that the time for objecting to the statement began to run on that date. The time for the trial judge's authentication, however, would not have expired until April 30, 1992, eight days after the record was filed in this court. We have, therefore, a statement of the evidence without the authentication of the trial judge and without the automatic authentication provided for in Rule 24(f), Tenn.R.App.Proc.

If those were the only imperfections in the statement of the evidence, we might be persuaded to give the appellant a third chance to get the record of the evidence in order. But, more critical to the appellant's case is the fact that neither the note on which this suit is based nor the affidavit which allegedly traces the note through the FDIC to the appellant appears in the "statement of the case." While reference is made to the affidavit of Donna C. Witt and trial counsel's affidavit indicates that the affidavit is attached as an exhibit, the affidavit does not appear in either the first or second statements. An affidavit of Don-

na C. Witt is in the technical record at pages 5–6 and stamped filed on March 22, 1991 (the day after the trial), but there is no indication that this is the affidavit on which the appellant relies.

The same problem exists with the note itself. The only copy of the note is an exhibit to the complaint—which we point out does not allege that the appellant is the holder of the note nor how the note came to be in the appellant's possession. The affidavit of Donna C. Witt says that the note bears a stamp showing its possession at one time by the FDIC; however, the copy of the note in the record does not include the reverse side and bears no indication of any endorsement or transfer.

Therefore, we are of the opinion that the appellant has failed to preserve the evidence necessary for consideration of its issues on appeal. *See State v. Oody,* 823 S.W.2d 554, 559 (Tenn.Crim.App.1991).

The judgment of the court below is affirmed and the cause is remanded to the Chancery Court of Grundy County for any further proceedings that may become necessary. Tax the costs on appeal to the appellant.

TODD, P.J., and FRANKS, J., concur.